KINSEY VS. WATSON.

</div>

In an action by petition in debt, where there has been no personal service of the summons, the deft is entitled to a continuance as a matter of course.

Opinion of the court delivered by Napton Judge.

This was an action under the statute by petition in debt. At the return term of the writ, defendant appeared and plead, and issue was joined. The defendant then moved the court for a continuance on the ground that there was no personal service. The record shows that the facts as

stated in the motion were true. The motion was overruled and trial had, and verdict and judgment for plaintiff. This court has already held, in a case not yet published, decided in the second judicial district, the name of which is not remembered, that the defendant in · such cases, where there has been no personal service, is entitled to a continuance as a matter of course. The judgment is therefore reversed and the cause remanded.

1st. That the remedy by petition in debt, is only summary where the service of process has been personal.

2nd. That when the service of the writ has not been on the defendant in person, the general practice gives the rule, and the second term is the trial term.

3rd. The general practice is the common law of the land, and the exception will not be extended beyond the letter of the law creating it. 1 Kent Com. 433.

## Brickey for Appellee.

1. The only point presented in the bill of exceptions for the consideration of this court, seems to be whether the court below erred in refusing the defendant a continuance on his mere motion for the simple reason that he had not been personally served with process. Digest page 449 petition and summons law. Do. do. 452 sec. 13. Do. do. 457 sec 2.

2. There was no good cause presented to the court for a continuance of this case, but the mere motion of the defendant for the reasons assigned in his bill of exceptions without any affidavit. Digest 449, sections 4–5.